# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENVILLE MOSLEY** | : | CIVIL ACTION |
| *Petitioner, pro se* | : | |
| | : | NO. 19-1657 |
| **v.** | : | |
| | : | |
| **BERNADETTE MASON,** *et al.* | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 29th day of January 2020, upon consideration of the *pro se* petition for writ of *habeas corpus* filed by Petitioner Glenville Mosley pursuant to 28 U.S.C. § 2254, [ECF 2, 5], Respondents' response to the petition, [ECF 13], the state court record, the *Report and Recommendation* (the "R&R") issued by the Honorable Timothy R. Rice, United States Magistrate Judge (the "Magistrate Judge"), which recommends that the Petition be denied, [ECF 14], Petitioner's *pro se* objections to the R&R, [ECF 19], Respondents' response to Petitioner's objections, [ECF 21], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

    1.    The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

    2.    The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] A jury convicted Petitioner of involuntary deviant sexual intercourse, indecent assault, endangering the welfare of a child, and corruption of a minor. Petitioner was sentenced to an aggregate sentence of 11 to 22 years of imprisonment. Following an appeal, Defendant's case was remanded to the trial court for resentencing. Because the original sentencing judge had retired, the matter was assigned to a new judge for resentencing. The second sentencing judge imposed an aggregate sentence of 14 to 33 years of imprisonment, reasoning that Defendant's prior record score did not accurately account for similarities between his 2010 convictions and a previous 1986 conviction. The Pennsylvania Superior Court affirmed Defendant's new sentence.

In his *habeas* petition, Petitioner asserts that the resentence imposed by the second sentencing judge violated due process because it was longer than his original sentence and was imposed for a vindictive purpose. The Magistrate Judge issued a well-reasoned R&R, in which Petitioner's claims were addressed and rejected. Specifically, the Magistrate Judge correctly found that the state courts' resolution

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 2], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

of Petitioner's exhausted claims (1) was neither "contrary to, [n]or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," and (2) was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In his objections to the R&R, Petitioner mostly repeats and rehashes arguments made in his petition and original filings. As such, Petitioner's objections are nothing more than an attempt to relitigate arguments raised in his original filings. This Court finds that the Magistrate Judge *correctly* concluded that the Pennsylvania Superior Court's decision rejecting Petitioner's underlying sentencing challenge was not contrary to United States Supreme Court precedent nor was it based on an unreasonable determination of facts.

Petitioner's objections also raise several new claims and arguments that were neither presented to the state courts nor raised in his underlying § 2254 petition. For example, for the first time, Petitioner argues that some of his convictions should have merged into others and that the second sentencing judge considered prior crime evidence that should have been barred by Federal Rule of Evidence 609. As such, they have either been waived or are procedurally defaulted. In addition, some claims that Petitioner argued as violations of state law are not cognizable by way of a federal *habeas* petition. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estell v. McGuire*, 502 U.S. 62, 67 (1991). For the reasons stated herein and in the R&R, Petitioner's objections are overruled and the R&R is adopted and approved in its entirety.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has also not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.